UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KITCHEN,<br><br>          Plaintiff,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>          Defendant. | 2:15-cv-02297-RCJ-PAL<br><br>**ORDER** |

This case arises out of a dispute regarding a mortgage and potential foreclosure. Plaintiff alleges various violations of law and asks the Court to quiet title to the property and issue a preliminary injunction. Pending before the Court is Defendant's Motion to Dismiss (ECF No. 6). For the reasons given herein, the Court grants the motion in part and denies it in part, with leave to amend.

**I.     FACTS AND PROCEDURAL HISTORY**

On July 8, 2005, Plaintiff Michael Kitchen acquired a mortgage loan with a principal balance of $285,400.00, secured by a first deed of trust, for the property at 5551 Toluca Court, Las Vegas, NV 89120. (Deed of Trust, 2–5, 16–17, ECF No. 7-1;[1] Compl., 5, ECF No. 1-1). On

---

[1] The Court takes judicial notice of the Deed of Trust. (Michael Kitchen and Countrywide Home Loans, Inc., recorded in Clark County Recorder's Office, July 13, 2005, Parcel No. 162-25-414-003).

February 15, 2012, Mortgage Electronic Registration Systems, Inc., the beneficiary under the Deed of Trust, assigned its interest to Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of the CW ABS, Inc., Asset-backed Certificates, Series 2005-10 ("BNY Mellon"). (Assignment of Deed of Trust, 2–3, ECF No. 7-2).[2] According to Plaintiff, Defendant Select Portfolio Servicing, Inc. ("SPS") became the assigned servicer on or about June 15, 2015. (Compl., 5). On August 27, 2015, Quality Loan Service Corporation ("Quality") recorded a notice of default on behalf of BNY Mellon. (Notice of Default, 1–9, ECF No. 7-3).[3] Plaintiff states he had entered a loan modification review with the bank before Defendant became the servicer, but then Defendant told Plaintiff it understood he did not want a modification. (Compl., 5). Plaintiff contacted Defendant to explain he did want to work out a solution or home retention option. (*Id.*). Plaintiff sent the required information, which Defendant received on or about September 7, 2015, and Defendant subsequently initiated a review. (*Id.*). Plaintiff alleges that over the following weeks, his point of contact with Defendant changed multiple times. (*Id.*). On October 20, 2015, Defendant informed Plaintiff it was turning down all home retention options because his debt-to-income ratio was too low. (*Id.* at 5–6). During its review, Defendant assigned a third-party trustee to begin the foreclosure process. (*Id.* at 6).

Plaintiff appears to make the following claims: (1) fraud and misrepresentation; (2) violation of the Fair Debt Collection Practices Act; (3) violation of Nev. Rev. Stat. 107.500; and (4) action to quiet title. Plaintiff also asks the Court for a preliminary injunction. Defendant has filed a motion to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[2] The Court takes judicial notice of the Assignment. (Michael Kitchen Mortgage, Bank of New York Mellon, recorded in Clark County Recorder's Office, February 16, 2012, Instrument No. 201202160001821, Parcel No. 162-25-414-003).

[3] The Court takes judicial notice of the Breach and Election to Sell. (Michael Kitchen and Quality Loan Service Corporation, recorded in Clark County Recorder's Office, August 27, 2015, Instrument No. 201508270003634, Parcel No. 162-25-414-003).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of the plaintiff's case so

that the court can determine whether the plaintiff has any basis for relief under the legal theory the plaintiff has specified or implied, assuming the facts are as the plaintiff alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily follows therefrom, assuming the allegations are true. However, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Yet *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir.1995). And where the litigant fails to follow rules of procedure, the case may be properly dismissed." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   DISCUSSION**

Defendant argues the Court should dismiss the Complaint because the claims are based on only bare-bones allegations. The Court considers each claim in turn.

**A.   Fraud or Misrepresentation**

Plaintiff alleges "fraud and misrepresentation" against Defendant. (Compl., 5). To establish a claim for fraudulent inducement or misrepresentation, a plaintiff must prove by clear and convincing evidence: (1) the defendant made a false representation; (2) the defendant had knowledge or a belief the representation was false; (3) the defendant intended to induce the plaintiff to rely on the representation; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered damages as a result of this reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (2004). In addition, "'[f]raud is never presumed; it must be clearly and satisfactorily proved.'" *Id.* (quoting *Havas v. Alger*, 461 P.2d 857, 860 (Nev.1969)).

Plaintiff makes only conclusory allegations that Defendant has committed fraud or misrepresentation. He alleges that "it appears that the 3rd party debt collectors are attempting to derive a clear title to foreclose or execute property through fraud." (Compl., 6). He also alleges: "The failure of the hired agents of servicers to render a decision, and or review options for homeowner is an overt act. The Defendant has used agents to defraud while moving towards liquidation." (*Id.* at 9). Plaintiff fails to state any facts that would plausibly satisfy any of the elements of a claim for fraudulent inducement or misrepresentation. He does not even allege that Defendant made any false representations. His allegations are merely conclusory, bare

allegations and, thus, insufficient to state a claim for which relief can be granted. The Court dismisses the claim, with leave to amend.

### B.     Fair Debt Collection Practices Act (FDCPA)

Plaintiff briefly mentions that the FDCPA "prohibits such actions," which presumably refers to his allegation that "the 3rd party debt collectors are attempting to derive a clear title to foreclose or execute property through fraud." (*Id.* at 6). The Complaint cites no specific provision of the FDCPA that has been violated and, as noted above, it fails to plead sufficient facts to allege fraud. The Court dismisses the claim, with leave to amend.

### C.     Nev. Rev. Stat. 107.500 et seq

Plaintiff alleges that Defendant violated Nev. Rev. Stat. 107.500 et seq by failing to have a "single point of contact" and by engaging in "dual tracking." (Compl., 6).

#### 1.     Single Point of Contact

Plaintiff fails to identify a specific subsection of the statute in his Complaint. Nev. Rev. Stat. § 107.540 requires a mortgage servicer to establish a "single point of contact" responsible for communicating with a borrower who requests a foreclosure prevention alternative. § 107.540(1)-(2). The contact "must remain assigned to the borrower's account until . . . all foreclosure prevention alternatives . . . have been exhausted or the borrower's account becomes current." § 107.540(3). The statute defines "single point of contact" as "a natural person or a team of personnel each of whom has the ability and authority to perform the responsibilities described in this section," § 107.540(6), and if a team of personnel performs the servicer's responsibilities, the servicer "must ensure that each member of the team is knowledgeable about the borrower's situation and current status in the process of seeking a foreclosure prevention alternative," § 107.540(6).

The Complaint sufficiently states a claim that Defendant violated the single-point-of-contact requirement. Plaintiff alleges that Defendant assigned to him an agent as his point of contact and then subsequently reassigned a different agent to him four times. (Compl., 5). He alleges that the statute prohibits this "rotating 'single point of contact.'" (*Id.* at 6). Plaintiff's allegation that Defendant reassigned to him several points of contact could potentially violate § 107.540(3). While § 107.540(6) allows a single point of contact to be a "team of personnel," the Complaint provides no indication that the points of contact were a team whose members were each knowledgeable of his situation and the status of his request. Defendant can attempt to prove these facts at a later stage. Plaintiff simply alleges the contacts were reassigned. The Court denies the motion to dismiss as to this claim.

  **2. Dual Tracking**

Nev. Rev. Stat. 107.530(1) prohibits a mortgage servicer from commencing a civil action for a foreclosure sale once a borrower submits an application for a foreclosure prevention alternative. The Complaint alleges that Plaintiff entered a loan modification review with the bank before Defendant became the servicer, and that when Defendant became the servicer it informed Plaintiff that it understood "Plaintiff did not want a Modification or any form of workout solutions." (Compl., 5). The Complaint alleges that Plaintiff contacted Defendant to explain "he did in fact want a workout solution or home retention option," and then he "forwarded the required information which was received on or about September 7th, 2015." (*Id.*).

Plaintiff fails to state a claim that Defendant violated Nev. Rev. Stat. 107.530(1). On August 27, 2015, Quality recorded a notice of default on behalf of BNY Mellon. (Notice of Default, 1–9). The Complaint states that Defendant did not receive "the required information" until later on September 7, 2015. If Plaintiff had alleged that he sent an application for a

foreclosure prevention alternative to the bank before Defendant became the servicer, then he could argue Defendant must honor the application and comply with the statute as it applies to the application. But Plaintiff has not alleged that he submitted an application to the bank before Defendant became the servicer. He states that he had "entered into a Loan Modification review with [the bank]," (Compl., 5), but Plaintiff might have initiated the review process through some means other than an actual application, such as through a conversation. Plaintiff also did not provide any documentation or detail to explain the nature of the review. Plaintiff has not sufficiently stated a claim that Defendant violated Nev. Rev. Stat. 107.530(1). The Court dismisses the dual tracking claim, with leave to amend.

### D.   Quiet Title

Plaintiff asks the Court to quiet title "as servicer has not fulfilled the assigned obligations as a debt collector much less a mortgage servicer." (Compl., 9). Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. 40.010. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)).

Plaintiff fails to state a claim to quiet title. Plaintiff alleges that Defendant has failed to fulfill its obligations as a debt collector and mortgage servicer. He also claims that "the 3rd party debt collectors are attempting to derive a clear title to foreclose or execute property through fraud." (Compl. 6). As noted above, Plaintiff has failed to state sufficient facts regarding fraud.

In addition, Plaintiff makes no allegation that Defendant has made an adverse claim to an interest in the property. Indeed, Quality, not Defendant, recorded a default notice on the property on behalf of BNY Mellon. The Court dismisses the claim, with leave to amend.

### E.      Preliminary Injunction

Plaintiff asks the Court for a preliminary injunction. He does not specify what the injunction should enjoin, but the Court presumes he desires an injunction to prevent the foreclosure and sale of his home.

A request for a preliminary injunction is not a cause of action; thus, the Court considers Plaintiff's request as a separate motion for a preliminary injunction. Under Nevada law, "[a] preliminary injunction is available if an applicant can show a likelihood of success on the merits and a reasonable probability that the non-moving party's conduct, if allowed to continue, will cause irreparable harm for which compensatory damage is an inadequate remedy." *Dangberg Holdings Nevada, L.L.C. v. Douglas Cty. & its Bd. of Cty. Comm'rs*, 978 P.2d 311, 319 (1999); *see also* Nev. Rev. Stat. 33.010.

Plaintiff has not shown a likelihood of success on the merits. The Court is dismissing all of Plaintiff's claims other than his point-of-contact claim. Plaintiff is not likely to succeed on the point-of-contact claim because his allegations are not extensive, and Defendant can refute the claim by showing its actions comply with the statute. The Court denies the request for a preliminary injunction.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED in part and DENIED in part, with leave to amend within 30 days of the date of this order.

IT IS SO ORDERED.

Dated this 23rd day of February, 2016.

_____
ROBERT C. JONES
United States District Judge