**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KITCHEN, <br><br> Plaintiff, <br><br> vs. <br><br> SELECT PORTFOLIO SERVICING, INC., <br><br> Defendant. | 2:15-cv-02297-RCJ-PAL <br><br> **ORDER** |

This case arises out of a dispute regarding a mortgage and potential foreclosure. Pending before the Court is Defendant's Motion to Dismiss (ECF No. 20). For the reasons given herein, the Court grants the motion.

**I.      FACTS AND PROCEDURAL HISTORY**

On July 8, 2005, Plaintiff Michael Kitchen acquired a mortgage loan with a principal balance of $285,400.00, secured by a first deed of trust, for the property at 5551 Toluca Court, Las Vegas, NV 89120. (Deed of Trust, 2–5, 16–17, ECF No. 7-1;[1] Am. Compl., 2, ECF No. 19). On February 15, 2012, Mortgage Electronic Registration Systems, Inc., the beneficiary under the Deed of Trust, assigned its interest to Bank of New York Mellon fka The Bank of New York as

---

[1] The Court takes judicial notice of the Deed of Trust. (Michael Kitchen and Countrywide Home Loans, Inc., recorded in Clark County Recorder's Office, July 13, 2005, Parcel No. 162-25-414-003).

Trustee for the Certificateholders of the CW ABS, Inc., Asset-backed Certificates, Series 2005-10 ("BNY Mellon"). (Assignment of Deed of Trust, 2–3, ECF No. 7-2).[2] According to Plaintiff, Defendant Select Portfolio Servicing, Inc. ("SPS") became the assigned servicer on or about June 15, 2015. (Am. Compl., 2). On August 27, 2015, Quality Loan Service Corporation ("Quality") recorded a notice of default on behalf of BNY Mellon. (Notice of Default, 1–9, ECF No. 7-3).[3] Plaintiff states he had entered a loan modification review with the bank before Defendant became the servicer, but then Defendant told Plaintiff it understood he did not want a modification. (Am. Compl., 2). Plaintiff contacted Defendant to explain he did want to work out a solution or home retention option. (*Id.*). Plaintiff sent the required information, which Defendant received on or about September 7, 2015, and Defendant subsequently initiated a review. (*Id.*). Plaintiff alleges that over the following weeks, his point of contact with Defendant changed multiple times. (*Id.*). During its review, Defendant assigned a third-party trustee to begin the foreclosure process. (*Id.* at 3).

In his Complaint, Plaintiff appeared to make the following claims: (1) fraud and misrepresentation; (2) violation of the Fair Debt Collection Practices Act; (3) violation of Nev. Rev. Stat. §§ 107.540 (single point of contact) and 107.530(1) (dual tracking); and (4) action to quiet title. Plaintiff also asked the Court for a preliminary injunction. In a prior order, the Court dismissed all the claims, except for Plaintiff's single-point-of-contact claim, with leave to amend. (*See* ECF No. 18). The Court also denied Plaintiff's request for a preliminary injunction.

---

[2] The Court takes judicial notice of the Assignment. (Michael Kitchen Mortgage, Bank of New York Mellon, recorded in Clark County Recorder's Office, February 16, 2012, Instrument No. 201202160001821, Parcel No. 162-25-414-003).

[3] The Court takes judicial notice of the Breach and Election to Sell. (Michael Kitchen and Quality Loan Service Corporation, recorded in Clark County Recorder's Office, August 27, 2015, Instrument No. 20150827003634, Parcel No. 162-25-414-003).

Plaintiff has filed an Amended Complaint, which Defendant now seeks to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). However, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Yet *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995). And where the litigant fails to follow rules of procedure, the case may be properly dismissed. *Id.*

///

### III. ANALYSIS

Defendant moves the Court to allow Plaintiff to pursue his claim for violation of the single-point-of-contact provision, which the Court found to be sufficiently stated in its prior order, but it asks the Court to dismiss the other claims. Plaintiff has not filed a response. The Court grants the motion.

In Plaintiff's Amended Complaint, the only claim he still asserts is violation of Nev. Rev. Stat. § 107.500. Under that statute, Plaintiff still sufficiently states a single-point-of-contact claim, but he has not added new allegations or modified his prior allegations to cure the defects in his dual-tracking claim. Thus, the Court again dismisses his dual-tracking claim, and Plaintiff's single-point-of-contact claim is the only claim remaining in the case.

Plaintiff again appears to request a preliminary injunction to prevent the foreclosure and sale of his home. For the reasons given in the prior order, the Court again denies the request. In addition, although Nev. Rev. Stat. § 107.560(1) allows the Court to enjoin a foreclosure sale based on "a material violation of NRS 107.400 to 107.560 . . . until the court determines that [a defendant] has corrected and remedied the violation," Plaintiff has not yet shown that a material violation occurred. As a result, the Court cannot grant Plaintiff's request at this stage of the litigation.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 20) is GRANTED.

IT IS SO ORDERED.

DATED: This 29th day of August, 2016.

_____
ROBERT C. JONES
United States District Judge